UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEVEN DOVE,

                Plaintiff,

      v.

LIEUTENANT DOE,

                Defendant.

9:19-CV-0037
(GTS/TWD)

---

APPEARANCES:

STEVEN DOVE
Plaintiff, pro se
18-A-1500
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929


GLENN T. SUDDABY
Chief United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

The Clerk has sent to the Court for review a complaint submitted by pro se plaintiff Steven Dove, together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 4 ("IFP Application").[1] Plaintiff is confined at Clinton Correctional Facility and has not paid the filing fee for this action.

---

[1] Plaintiff initially filed his complaint without submitting an application to proceed IFP and the inmate authorization form required in this District, or paying the required filing fee. As a result, the action was administratively closed. Dkt. No. 2. Plaintiff then filed his IFP Application with the inmate authorization form required in this District, and this action was re-opened. Dkt. Nos. 4, 5, 6.

## II. IFP APPLICATION

Upon review of plaintiff's IFP Application (Dkt. No. 4), the Court finds that he has demonstrated economic need. Plaintiff has also filed the inmate authorization required in the Northern District of New York. Dkt. No. 5. As a result, the Court grants plaintiff's IFP Application.

## III. SUFFICIENCY OF THE COMPLAINT

### A. Governing Legal Standard

Section 1915(e) directs that, when a plaintiff seeks to proceed in forma pauperis, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2] Thus, even if a plaintiff meets the financial criteria to commence an action in forma pauperis, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action in forma pauperis. *See id.*

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d

---

[2] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner pro se complaints).

In reviewing a pro se complaint, the court has a duty to show liberality toward pro se litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678

(citing *Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

### B. Summary of the Complaint

In his complaint, plaintiff asserts claims arising out of his confinement at the Oneida County Jail. *See generally* Compl. The following facts are set forth as alleged by plaintiff in his complaint.

On April 4, 2018, plaintiff received a note from an unidentified corrections official advising him to "call [his] family[.]" Compl. at 4. Thereafter, plaintiff contacted his family and learned that his mother passed away. *Id.*

Plaintiff "followed the inmate handbook dealing with deathbed visits and wrote the Lt. in charge of that[,]" defendant Corrections Lieutenant John Doe ("Lieutenant Doe"). Compl. at 4. Although plaintiff has "no escape charges" and is not "on death row[,]" he was advised on April 10, 2018, that his request to attend his mother's funeral was denied. *Id.* at 4-5. Plaintiff never saw or heard from anyone from administration dealing with the matter, and defendant Lieutenant Doe never called plaintiff's family to either give them an opportunity to pay for the costs associated with funeral attendance, or explain why plaintiff's request was denied. *Id.* at 5.

As a result of not attending his mother's funeral, plaintiff has suffered physical and emotional distress. Compl. at 4. Plaintiff's fiancé was also denied a request to attend her

4

mother's funeral when she was incarcerated at a jail near Utica. *Id.* at 5.[3]

Liberally construed, plaintiff asserts Eighth and Fourteenth Amendment claims against one or more Doe defendants based on the denial of his request to attend his mother's funeral.[4]

Plaintiff seeks significant money damages. Compl. at 3. For a complete statement of plaintiff's claim, reference is made to the complaint.

**C.    Analysis**

Section 1983 establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

---

[3] Plaintiff lacks standing to assert one or more claims on behalf of his fiancé based on his allegation that she was also denied a request to attend her mother's funeral while she was incarcerated at an unidentified facility. *See Caprice v. Paterson*, No. 9:09-CV-1014 (GLS/DRH), 2011 WL 3328646, at *2 (N.D.N.Y. Aug. 2, 2011) ("Caprice lacks standing to assert . . . a claim 'on other inmates' behalf.'" (quoting *Swift v. Tweddell*, 582 F. Supp. 2d 437, 449 (W.D.N.Y. 2008)); *see also Kane v. Johns–Manville Corp.*, 843 F.2d 636, 643 (2d Cir. 1988).

[4] Although plaintiff does not identify any amendments to the United States Constitution that give rise to his claims, "[c]ases addressing the denial of funeral attendance and death bed visit requests by prison inmates have been analyzed under both the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment." *Jackson v. Portuondo*, No. 9:01-CV-00379 (GLS/DEP), 2007 WL 607342, at *10 (N.D.N.Y. Feb. 20, 2007).

### 1. Fourteenth Amendment

"In order for plaintiff to state a claim for the denial of due process, he must first allege that he was deprived of a liberty or property interest." *Roman v. Donelli*, 616 F. Supp. 2d 299, 305 (N.D.N.Y. 2007) (citing *Verrone v. Jacobson*, 95-CV-10495, 1999 WL 163197, at *4 (S.D.N.Y. March 23, 1999)), *aff'd*, 347 Fed. App'x 662 (2d Cir. 2009). A liberty or property interest may exist through the Constitution itself. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 461 (1989) ("Protected liberty interests 'may arise from two sources -- the Due Process Clause itself and the laws of the States.'" (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). A state may also create liberty or property interests not conferred by the Constitution through a law, regulation, or directive. *Id.*

"It is well-settled that there is no constitutionally protected liberty or property interest in attending the funeral of a family member." *Roman*, 616 F. Supp. 2d at 305 (collecting cases); *see also Williams v. New York*, No. 13-CV-0003, 2015 WL 249275, at *2 (W.D.N.Y. Jan. 15, 2015). Thus, plaintiff has no right created by the Constitution to receive approval for a funeral visit.

"In order for a state law, regulation, or directive to create a protected liberty or property interest, the state must use 'explicitly mandatory language,' must place 'substantive limitations on official discretion,' and must require that a 'particular result is to be reached' upon the finding of substantive predicates." *Roman*, 616 F. Supp. 2d at 305 (quoting *Cruz v. Sielaff*, 767 F. Supp. 547, 550 (S.D.N.Y. 1991)).

The authority for deathbed and funeral visits for a person confined to a local correctional facility within New York State is articulated in Section 509 of the New York Correction Law. That statute states, in pertinent part, as follows:

6

> The sheriff of a local correctional facility or his designee may permit any inmate confined in his local correctional facility to attend the funeral of his or her father, mother, guardian or former guardian, child, brother, sister, husband, wife, grandparent, grandchild, ancestral uncle or ancestral aunt within the state, . . . but the exercise of such power shall be subject to such rules and regulations as the commission shall prescribe, respecting the granting of such permission, duration of absence from the institution, custody, transportation and care of the inmate, and guarding against escape.

N.Y. Correction Law § 509.

There is no mandatory language in this statute that would confer a liberty interest in an inmate being afforded the opportunity to attend a guardian or relative's funeral. Thus, the state has not created through statute (or otherwise) a liberty interest regarding escorted funeral visits.[5]

As a result, plaintiff's Fourteenth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Eighth Amendment

The Eighth Amendment is violated by the unnecessary and wanton infliction of pain. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994); *see also Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.), *cert. denied*, 414 U.S. 1033(1973)).

---

[5] To the extent plaintiff claims that no investigation was conducted regarding his request, since there is no liberty interest in escorted funeral visits, "there is also no standard for the degree of 'investigation' that must be made to determine whether an inmate should be allowed to attend the requested visit." *Roman*, 616 F. Supp. 2d at 306 (noting that "[a]t best, this claim is one alleging that defendants were incorrect or negligent in their determination that plaintiff had not met the 'relationship' requirement of the rules[,]" and "Plaintiff cannot base a section 1983 case upon the negligent conduct of any defendant").

In this case, the complaint lacks any allegations which plausibly suggest that the denial of plaintiff's request to attend his mother's funeral involved the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Indeed, as noted, the New York State statute governing plaintiff's request explicitly affords the individual authorized to rule on the request discretion to grant or deny it. Moreover, plaintiff does not allege that he ever had any encounters with defendant Lieutenant John Doe prior to this person denying his request. Thus, there exists no basis for the Court to infer that defendant Lieutenant John Doe wantonly inflicted "pain" upon plaintiff in denying the request sufficient to rise to the level of an Eighth Amendment violation. See *Roman*, 616 F. Supp. 2d at 307 (dismissing Eighth Amendment claim based on denial of request to attend wife's funeral); *Williams*, 2015 WL 249275, at *2 ("To the extent plaintiff's complaint can be construed as alleging a cruel and unusual punishment claim under the Eight Amendment in relation to the denial of approval of a death-bed visit, it too must be dismissed because there are no allegations to support a claim that the denial involved the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.").

As a result, plaintiff's Eighth Amendment claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### D. Opportunity to Amend

The Second Circuit has held that a district court "should not dismiss [a pro se plaintiff's complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation omitted). Although the complaint

does not necessarily indicate that plaintiff might be able to state a valid claim, the Court will nonetheless give him an opportunity to present a proposed amended complaint with respect to his claims related to the denial of his request to attend his mother's funeral, which are dismissed without prejudice.

Any amended complaint submitted by plaintiff in response to this Decision and Order must set forth a short and plain statement of the facts he relies on in support of his claim that specific individuals named as defendants in that pleading engaged in acts of misconduct or wrongdoing which violated his constitutional rights and over which this Court may properly exercise jurisdiction. Plaintiff's amended complaint, which shall supersede and replace in its entirety the original complaint, must be a complete pleading which sets forth all of the claims that plaintiff wants this Court to consider as a basis for awarding relief herein.

Plaintiff is advised that his failure to file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order will result in dismissal of this action without prejudice without further Order of the Court.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP Application (Dkt. No. 4) is **GRANTED**;[6] and it is further

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by plaintiff as his current location, with a copy of plaintiff's authorization form (Dkt. No. 5), and notify the official that this action has been filed and that plaintiff is required to pay to the Northern District the entire statutory filing fee of $350.00 pursuant to 28 U.S.C. § 1915; and it is further

---

[6] Plaintiff should note that he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

9

**ORDERED** that the Clerk provide a copy of plaintiff's authorization form (Dkt. No. 5) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the plaintiff's Section 1983 claims for money damages are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file an amended complaint as set forth above **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that upon the filing of an amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) due to plaintiff's failure to state a claim upon which relief can be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367. Plaintiff must comply with all requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions; motions will be decided

on submitted papers, without oral argument, unless otherwise ordered by this Court. **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action**; and it is further

     **ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated:     April 23, 2019
               Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge